<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| KEVIN DODSON,<br><br>　　　　Plaintiff,<br><br>v.<br><br>UNIVERSITY HOSPITAL et al.,<br><br>　　　　Defendants. | Civil Action No. 23-04234<br><br>**OPINION**<br><br>September 20, 2024 |

**SEMPER**, District Judge.

　　　　This matter comes before the Court on Defendant University Hospital's ("Defendant" or "UH") motion for leave to appear pursuant to Federal Rule of Civil Procedure 6(b)(1)(B) and Defendant's motion to dismiss Plaintiff Kevin Dodson's ("Plaintiff" or "Dodson") Complaint[1] pursuant to Federal Rule of Civil Procedure 12(b)(1), (4), and (5). (ECF 14, "Def. Br.") Plaintiff filed a letter in opposition. (ECF 15, "Pl. Opp.") Defendant filed a reply. (ECF 16, "Def. Reply.") The Court reviewed the Complaint and the parties' submissions and decided the motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, Defendant's motion to dismiss is **GRANTED.**

**I.　　BACKGROUND**

　　　　Dodson, a citizen of New Jersey, alleges that on April 25, 2023, he sustained injuries at University Hospital to his head and jaw. (ECF 1, Compl. at 3.) On May 15, 2023, Plaintiff filed a personal injury action against University Hospital in New Jersey Superior Court, Law Division, based upon the same injuries allegedly sustained. (ECF 14, Ex. A., "Superior Court Lawsuit.") On

---

[1] (ECF 1, "Compl.")

1

August 8, 2023, Plaintiff filed the instant Complaint, docketed on September 1, 2023. (*See* ECF 1, Compl.) While Defendant contends it was not properly served, on December 1, 2023, pursuant to Fed. R. Civ. P. 6(b) it sought leave to appear and move to dismiss Plaintiff's Complaint.

## II.   LEGAL STANDARD[2]

### a. 12(b)(1)

"When a motion under Rule 12 is based on more than one ground, the court should consider the 12(b)(1) challenge first because if it must dismiss the complaint for lack of subject matter jurisdiction, all other defenses and objections become moot." *Dickerson v. Bank of Am., N.A.*, No. 12-03922, 2013 WL 1163483, at *1 (D.N.J. Mar. 19, 2013) (citing *In re Corestates Trust Fee Litig.*, 837 F. Supp. 104, 105 (E.D. Pa. 1993)). In considering dismissal for lack of subject matter jurisdiction, a district court's focus is not on whether the factual allegations entitle a plaintiff to relief, but rather on whether the court has jurisdiction to hear the claim and grant relief. *Maertin v. Armstrong World Indus., Inc.*, 241 F. Supp. 2d 434, 445 (D.N.J. 2002).

Rule 12(b)(1) motions may challenge subject matter jurisdiction based upon the face of the complaint or its underlying facts. *Common Cause of Pa. v. Pennsylvania,* 558 F.3d 249, 257 (3d Cir. 2009); *Pittman v. Metuchen Police Dept.,* No. 08–2373, 2009 WL 3207854, at *1 (D.N.J. Sept. 29, 2009) (citing JAMES WM. MOORE, 2 MOORE'S FEDERAL PRACTICE § 12.30[4] (3d ed. 2007)). A facial attack questions the sufficiency of the pleading and requires the trial court to accept the allegations in the complaint as true. *Common Cause of Pa.,* 558 F.3d at 257; *Pittman,* 2009 WL 3207854, at *1. A factual attack, by contrast, calls upon the court to weigh the evidence. *Pittman,* 2009 WL 3207854, at *1. Here, the Court will presume the truth of Plaintiff's allegations since the motion challenges only the sufficiency of the Complaint.

---

[2] Because this Court grants Defendant's first motion pursuant to Rule 12(b)(1), it need not reach Defendant's concurrent motions under Rule 12(b)(4) and 12(b)(5).

Because Plaintiff is proceeding *pro se*, the Court construes the pleadings liberally and holds them to a less stringent standard than those filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). "The Court need not, however, credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *D'Agostino v. CECOM RDEC*, No. 10-4558, 2010 WL 3719623, at *1 (D.N.J. Sept. 10, 2010).

### III.   ANALYSIS

A federal court must have subject matter jurisdiction to hear a case. Subject matter jurisdiction in federal court falls within two categories: (1) diversity jurisdiction pursuant to 28 U.S.C. § 1332, which encompasses disputes between citizens of different states alleging an amount in controversy in excess of $75,000; and (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331, which encompasses disputes "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Defendant argues that this Court does not have subject matter jurisdiction over the case. Indeed, the Complaint does not assert any federal causes of action and does not name the U.S. government as a party. (*See* ECF 1, Compl.) Therefore, the Court turns to diversity of citizenship.

Diversity exists when there is "complete diversity" of the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Strawbridge v. Curtiss*, 7 U.S. 267, 267-68 (1806). As alleged in the Complaint, the parties are not diverse. Although in the "Basis for Jurisdiction" section of the complaint, Plaintiff checked the "Diversity of Citizenship" box, Plaintiff contradicts this selection on the very next page by admitting that both Plaintiff and Defendant are in fact citizens of New Jersey. (ECF 1, Compl. at 2-3.) Plaintiff's opposition makes no factual or legal argument other than to claim Defendant's motion was incorrectly submitted and that there were "False Statements[.]" (*See* ECF 15.) Plaintiff otherwise fails to elaborate as to what

3

exactly was false about Defendant's motion or offer any support to bolster his claims or defenses. (*Id*.) Consequently, the Court lacks jurisdiction over this matter and it will be dismissed.

When dismissing a case brought by a *pro se* plaintiff, a court must decide whether the dismissal will be with prejudice or without prejudice. Dismissing without prejudice affords a plaintiff with leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110-11 (3d Cir. 2002). The district court may deny leave to amend only if (a) the moving party's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the non-moving party or (b) the amendment would be futile. *Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984). Based upon the foregoing, the Court concludes that any amendment would be futile.[3]

### IV.    CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss is **GRANTED.** Plaintiff's Complaint is **DISMISSED with prejudice** as to Defendant University Hospital. An appropriate order follows.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig:      Clerk
cc:        James B. Clark, U.S.M.J.
           Parties

---

[3] The Court notes that Plaintiff has already initiated a lawsuit filed in the Superior Court of New Jersey against the same Defendant alleging personal injuries as a result of the same procedure. (ECF 14, Ex. 1, Badie Certification ¶ 7.)